UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>v.<br><br>ERIC STECKERL<br>Defendant | CIVIL ACTION<br><br>No. 117-01243 |

MEMORANDUM OF LAW IN SUPPORT OF THE
UNITED STATES' MOTION FOR SUMMARY JUDGMENT

I.  PRELIMINARY STATEMENT

The United States of America on behalf of its agency, United States Department of Education, hereinafter "Plaintiff," submits this memorandum of law in support of its motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This Court has jurisdiction under 28 U.S.C. § 1345. As shown below, there are no material issues of fact in dispute and Plaintiff is entitled to judgment as a matter of law.

II. PROCEDURAL HISTORY

Plaintiff commenced this action by Complaint on March 20, 2017, to collect moneys due and owing on several student loans made to Defendant, which loans were insured by the Department of Education, under the Higher Education Assistance Act of 1965, as amended, 20 U.S.C. §1071 et seq. On May 22, 2017, Defendant filed an Answer which consists of general denials as to the averments concerning the indebtedness due Plaintiff. The fact of default on the loan is fully documented and essentially undisputed. The Answer does not place into dispute any material facts which would prevent Plaintiff's right to summary judgment as a matter of law.

### III. STATEMENT OF FACTS

On February 20, 2012, Defendant executed a Promissory Note to secure payment of a Direct Consolidation loan from the U.S. Department of Education ("the Department") in the amount of $6,765.91 obtained from Direct Loans with interest payable thereon at 3.25% interest per annum. A copy of the Promissory Note is attached hereto. The student loan was made by the Department under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087a *et seq.* (34 C.F.R. Part 685).

Defendant defaulted on the loan obligation on June 16, 2013. Pursuant to 34 C.F.R. Part 685.202(b), a total of $4.81 in unpaid interest was capitalized and added to the principal balance. A Certificate of Indebtedness was filed with respect to the loan amount owed by the Defendant. The Department has credited a total of $18.06 in payments from all sources, including Treasury Department offsets, to the balance, and after application of these payments, the Defendant still owed the United States the sum of $7,818.94 through February 8, 2017, with interest continuing to accrue at the current rate of $0.60 per diem.

The fact of default on this loan is fully documented and essentially undisputed. The Answer filed by Defendant consists of base denials without any additional facts or information. This does not constitute a defense to this action.

### IV. ISSUES

Whether the United States is entitled to judgment as a matter of law in this student loan case where it is undisputed that Defendant executed Promissory Note obligating him to pay the student loans, but failed to do so.

## V. ARGUMENT

Federal Rule of Civil Procedure 56(c) provides that a court should grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). If the evidence of a genuine issue of material fact "is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Knabe v. Boury*, 114 F.3d 407, 410 n.4 (3d Cir. 1997). The mere existence of a scintilla of evidence or of unsubstantiated conclusory allegations is insufficient to avoid summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248-52. Rather, the Court must determine whether the record as a whole could lead a reasonable trier of fact to find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248. Therefore, the moving party must show two things: 1) there are no genuine issues of material fact; and 2) the party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under the applicable law to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248. An issue is "genuine" if the evidence is such that a reasonable jury might return a verdict for the non-moving party, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 247.

In considering a motion for summary judgment, the court must view the record as a whole and draw reasonable inferences in the light most favorable to the nonmoving party. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24, 106 S.Ct. 2548 (1986); *J.F. Feeser, Inc. v. Serv-A-Portion, Inc.*, 909 F.2d 1524, 1531 (2d Cir. 1990). However, once the moving party has presented evidence which demonstrates an absence of genuine issue of material fact, the non-moving party may not rest only on the allegations contained in his pleadings. Fed.R.Civ.P.

56(e). Rather, the non-moving party is required to go beyond the pleadings by way of affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. *Celotex Corporation v. Catrett,* 477 U.S. at 324. When Rule 56(e) shifts the burden of proof to the non-moving party, that party must produce evidence to show the existence of every element essential to its case which it bears the burden of proving at trial. *Equimark Commercial Finance Co. v. C.I.T. Financial Services Corp*, 812 F.2d 141, 144 (3d Cir. 1987).

### A.     There are no Material Issues of Fact in Dispute

In *Celotex Corp., supra,* the Court held that the moving party can discharge its initial burden simply by showing that the non-moving party has not produced any evidence in support of an element on which the non-movant will bear the burden of proof at trial. *Id.* at 323-24. Once the movant shows that no evidence has been produced, the burden then shifts to the non-moving party to produce evidence suggesting he will be able to carry his burden at trial. *Ibid.* While admonishing that Rule 56 must be construed "with due regard…to have…claims and defenses tried at jury," it also noted that courts should not hesitate to grant summary judgment in appropriate circumstances. *Id.* at 327.

In the instant case, Plaintiff has asserted in its Complaint that the United States Department of Education had issued the student loan as evidenced by the Promissory Note, and that Defendant has defaulted in payment of the loan. To support this assertion, Plaintiff has attached a copy of the Certificate of Indebtedness to its Complaint, and has also attached a copy of the said Promissory Note referred to herein. There is no genuine dispute that Defendant had executed the Promissory Notes and that he has defaulted in payment of the same. Thus, Plaintiff respectfully recommends it has met its burden of proving a lack of material facts in dispute.

*United States v. Scholnick*, 606 F.2d 160, 165 (6th Cir.1979).

### B. Plaintiff is entitled to Summary Judgment as a Matter of Law.

In order to prevail in its action, Plaintiff must show the existence of an obligation and a default of that obligation. As noted above, in order to defeat a plaintiff's motion for summary judgment, the defendant must raise a disputed issue of material fact regarding his defense. *Chemical Bank v. Dippolito*, 897 F.Supp. 221, 224 (E.D.Pa.1995). In the instant matter, the document attached to the Complaint establish both the existence of an obligation and a default. Plaintiff respectfully suggests there is no genuine dispute that the United States Department of Education is the owner and holder of the Promissory Note by virtue of the issuance of the loan by the U.S. Department of Education, and that Defendant is in default. In his Answer, Defendant only offers bare denials without any added facts, information, or defenses. On the other hand, Plaintiff's Certification of Indebtedness clearly indicates that the total amount of $7,886.74 is due and owing on account, with interest continuing to accrue, and that Defendant has made no payments on account since he defaulted on the loan.

As noted above, Plaintiff's claim is properly plead, in that Plaintiff has plead the existence of the obligation and the default thereunder, and has attached the documents to support that contention. Rule 56(e) states, in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

In order to recover on a promissory note for student loans, the government simply must

come forward with evidence to show that "(1) the defendant signed [the note], (2) the government is the present owner or holder, and (3) the note is in default." *United States v. Hargrove*, 2007 WL 2811832, at *2 (E.D.Pa. 2007); *United States v. Considine*, 2008 WL 4723030, at *2 (D.N.J. 2008). *See also United States v. Lawrence,* 276 F.3d 193, 197 (5th Cir. 2001); *Guillermety v. Secretary of Education,* 341 F.Supp. 682, 688 (E.D.Mich. 2003).

In this case, the Plaintiff has produced a copy of the Promissory Notes and a Declaration from Christopher Bolander a loan analyst with the United States Department of Education verifying that the loan was disbursed and paid by the United States Department of Education under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, and that the Defendant defaulted on the loan,.

Plaintiff respectfully suggests that Defendant's answer is insufficient to overcome Plaintiff's pleadings and proofs in support of its contention that it is entitled to the relief requested. Accordingly, Plaintiff respectfully suggests it has met its burden on summary judgment and is entitled to summary judgment as a matter of law.

## VI.     CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that this Honorable Court grant its Motion for Summary Judgment.

Respectfully submitted,

KML Law Group, P.C.

By: _____
Rebecca A. Solarz, Esquire
Pennsylvania Attorney I.D. No. 315936
Suite 5000 – BNY Independence Center
701 Market Street
Philadelphia, PA  19106-1532
(215) 825-6327 (Direct)
FAX (215) 825-64423
RSolarz@kmllawgroup.com