IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | NO. 17-1243 |
| | : | |
| v. | : | |
| | : | |
| ERIC STECKERL, | : | |
| Defendant. | : | |

## O R D E R

**AND NOW**, this **2nd** day of **January, 2018**, upon consideration of the United States' Motion for Summary Judgment (ECF No. 5), to which Defendant Steckerl did not file a response, it is hereby **ORDERED** that the United States' Motion for Summary Judgment (ECF No. 5) is **GRANTED**.[1]

---

[1]     This is a student loan case. The United States' Motion for Summary Judgment is before the Court.

Because Defendant did not file a response to the instant motion, nor did he appear at the hearing, the facts herein are taken from the United States' Motion for Summary Judgment and related filings. See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990) (noting that if the nonmoving party fails to oppose the motion for summary judgment by written objection, memorandum, affidavits and other evidence, a court "will accept as true all material facts set forth by the moving party with appropriate record support.").

The pro se Defendant, Eric Steckerl, executed a promissory note in February, 2012 to secure payment of a Direct

Consolidation loan from the United States Department of Education in the amount of $6,765.91, with interest payable thereon at 3.25% interest per annum. The student loan was made by the Department under the William D. Ford Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965. Steckerl defaulted on the loan obligation on June 16, 2014. Consequently, unpaid interest was capitalized and added to the principle balance owed. Also, a Certificate of Indebtedness was filed with respect to Steckerl's debt. The Department has credited a total of $18.06 in payments from all sources, including Treasury Department offsets. After application of these payments, Steckerl still owed the United States $7,886.74 through January 2, 2018, with interest continuing to accrue at $0.60 per diem.

The United States filed its Complaint on March 20, 2017, to collect on the defaulted loans. ECF No. 1. Steckerl filed his one-page, pro se Answer containing general denials on May 22, 2017. ECF No. 3. The United States filed a Motion for Summary Judgment on June 26, 2017. ECF No. 5; see also ECF Nos. 7, 8.

Steckerl has not filed a response to the United States' Motion for Summary Judgment. Accordingly, the Order scheduling the instant hearing stated that, if Steckerl did not file a response, the Court would consider the averments made in the Motion as unopposed, and would proceed to determine entitlement to judgment as a matter of law, on the basis of those facts. ECF No. 10.

Summary judgment is awarded under Federal Rule of Civil Procedure 56 when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Liberty Mut. Ins. Co. v. Sweeney, 689 F.3d 288, 292 (3d Cir. 2012). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

In undertaking this analysis, the court views all facts in the light most favorable to the non-moving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)).  While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party, who must "set forth specific facts showing there is a genuine issue for trial."  Anderson, 477 U.S. at 250.

If a non-movant fails to oppose a motion for summary judgment, Rule 56(e) provides that the court may grant the motion "if appropriate." See Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.3d 168, 175 (3d Cir. 1990). The motion is appropriately granted when the movant is entitled to judgment as a matter of law. Anchorage Assocs., 922 F.2d at 175. When "the non-moving party fails to oppose the motion for summary judgment by written objection, memorandum, affidavits and other evidence, the Court will accept as true all material facts set forth by the moving party with appropriate record support." Anchorage Assocs., 922 F.2d at 175. Even if a record contains facts that might provide support for a non-movant's position, "the burden is on the [non-movant], not the court, to cull the record and affirmatively identify genuine, material factual issues sufficient to defeat a motion for summary judgment." Morris v. Orman, No. 87-5149, 1989 WL 17549, at *8 (E.D. Pa. March 1, 1989) (citing Childers v. Joseph, 842 F.2d 689 (3d Cir. 1988)).

Here, the United States has asserted, with evidentiary support, that it issued a student loan to Steckerl, and that Steckerl defaulted on that loan. The debt is evidenced by the promissory note, which is in the record. See ECF No. 8-1. The default is evidenced by the Certificate of Indebtedness, which is also in the record. See ECF No. 1 Ex. A.

Where the Government seeks to collect on student loan debt, in the form of promissory notes on which the borrower has defaulted, it must show that the defendant signed the promissory note; that the government is the present holder of the promissory note; and that the note is in default. United States v. Hargrove, No. Civ. A. 06-1059, 2007 WL 2811832, at *2 (W.D. Pa. Sept. 24,

**AND IT IS SO ORDERED.**


**/s/ Eduardo C. Robreno**
**EDUARDO C. ROBRENO,     J.**

---

2007) (citing <u>United States v. Lawrence</u>, 276 F.3d 193, 197 (5th
Cir. 2001)).

       Here, because Steckerl has not responded to the Motion,
the Court is left with only his initial, general denial in the
Answer – which is insufficient to create a question of material
fact. <u>See</u> <u>Trap Rock Indus., Inc. v. Local 825, Int'l Union of
Operating Engr'rs.</u>, 982 F.2d 884, 890 (3d Cir. 1992) (determining a
non-movant cannot merely rely on vague denials and general
allegations to create an issue of material fact in a motion for
summary judgment).

       Further, here, as in the case of <u>Hargrove</u>, the United
States has provided the Court with copies of the signed promissory
note evidencing the debt, and the Certificate of Indebtedness
showing that Steckerl is in default. <u>See</u> <u>Hargrove</u>, 2007 WL 2811832
at *2 (noting that the Government met its "burden by providing the
Court with the signed promissory note . . .  and records indicating
that the note is owned by the Government and is in default."). 
Also, the Certificate of Indebtedness indicates that the United
States is the present owner of the promissory note. <u>See</u> ECF No. 1.
Ex. A. Thus, the uncontested facts establish each element of the
United States' claim. Accordingly, the Court will grant the United
States' Motion for Summary Judgment.